*207 OPINION.
Trammell:
The first question is whether the expenditure of $1,300 for a new screw down is deductible as an ordinary and necessary expense, or whether it is a capital expenditure to be depreciated over a physical life of more than one year. From the evidence we are convinced that the expenditure was for a replacement, that the asset acquired had a life of more than a year and that the expenditure constitutes a capital outlay and is not deductible in computing net taxable income for 1919. The screw down in question was still in use at the date of the hearing of this proceeding.
The matter of a deduction on account of the old screw down which was replaced by the new one is not involved in this proceeding.
On the question of the purchase of the new 16-inch guides to replace guides which at the time were in use, it appears that the new guides were in use at the date of the hearing of this proceeding and that they had been used since 1919. There is no evidence that they were not in good condition and will probably last many years longer. It is clear, therefore, that the acquisition of the said guides represents a capital expenditure which is not allowable as a deduction in determining taxable income.
There is no question presented here as to any deduction with respect to the guides which were replaced.
On the question of the inventory of used rolls, it appears that the petitioner included the same in its inventory on the basis of cost or *208 market, whichever was lower, and that it reduced its inventory by 35 per cent in 1920 on account of depreciation sustained in that year as well as in previous years, no deduction ón account of the exhaustion for previous years having been taken or written off until the rolls were worn out or broken. On the rolls which were not used in 1920 no deduction had been taken.
While it may be that the actual measuring of the diameter of the rolls would be a fair and reasonable method of determining the actual exhaustion sustained, the deduction on account of exhaustion of assets can not be accumulated and taken in one year with respect to exhaustion which occurred in prior years. The amount allowable for exhaustion, wear and tear is an annual deduction and is based upon the exhaustion sustained during the taxable year. We do not agree with the petitioner that the rolls should be included in inventory on the basis of cost or market, whichever is lower. Inventories, referred to in the statute, relate to stock in trade or materials or supplies which are used in the manufacturing process and which become a part or ingredient of the manufactured article and do not refer to capital assets such as machinery which is used in manufacturing the article.
The 35 per cent reduction of the inventory price of the rolls represents an average wear or exhaustion on all the rolls whether acquired in 1920 or in prior years. There is insufficient evidence in the record to enable the Board to determine the amount of exhaustion suffered during the taxable year 1920 with respect to the rolls in use during that year. We must, therefore, affirm the determination of the Commissioner on this question.
With respect to the annealing plates, we think a preponderance of the evidence supports the position of the petitioner that these plates were actually and permanently abandoned and scrapped during the taxable year 1920. Their depreciated cost was therefore a proper deduction for that year.
Judgment will ~be entered on 15 days' notice, imder Rule 50.
Considered by MoRRis, Muedook, and Siefiun.